IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELLEN R. LEVY GRAY and SCOTT    :
W. GRAY,
    Plaintiffs               :

                       :

   v.                 :        CIV. NO. AMD 02-636

                       :

RITE AID CORPORATION,     :
    Defendant            :

...o0o...

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 1 9 2002

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

MEMORANDUM

This is a professional malpractice action arising under Maryland law brought by

plaintiffs Ellen and Scott Gray against Rite Aid Corporation ("Rite Aid"). Rite Aid removed

the case from state court based on diversity of citizenship. Now pending is the plaintiffs'

motion for remand of this case to state court on the ground that the removal was untimely.

No hearing is needed. The motion for remand shall be granted.

There is no dispute as to the facts or the procedural history surrounding this matter.

Plaintiffs are citizens of Maryland; Rite Aid is a Pennsylvania corporation with its principal

offices in that state. Rite Aid operates pharmacies in Maryland, including a pharmacy known

as "Pharmacy No. 4465," which is a retail business located at 1224 Palamore Road in

Baltimore County. On or about November 6, 2001, plaintiffs filed suit against Rite Aid and

"Rite Aid Pharmacy #4465" in the Circuit Court for Baltimore County. Plaintiffs' six count

state court complaint alleged that Mrs. Scott was injured as a result of inaccurate instructions

delivered to her with a prescription she had filled at Pharmacy No. 4465. Thus, plaintiffs



sought damages for personal injury and loss of consortium on theories of negligence, strict liability and breach of warranty.

On or about December 19, 2001, Rite Aid filed in the circuit court its motion to dismiss. Specifically, Rite Aid moved to "dismiss Rite Aid Pharmacy No. 4465, and [c]ounts 2, 3 and 5" of the complaint. *See* Pls.' Response, Exh. B, at 1 (Rite Aid's Motion to Dismiss filed in state court). In support of its motion to dismiss, Rite Aid argued that "Rite Aid Pharmacy No. 4465" was not amenable to suit under Maryland law because it is simply "a property or store location." *See Id.* (attach.), Mem. in Supp. Mot. Dismiss, at 4. On February 25, 2002, a judge of the Circuit Court for Baltimore County granted Rite Aid's motion in part and dismissed all claims asserted against "Rite Aid Pharmacy No. 4465." Thereafter, on February 28, 2002, Rite Aid removed the case to this court by filing its notice of removal. Plaintiffs timely moved for remand on March 5, 2002.

Ordinarily, a notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Section 1446(b) provides further, however, that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable* . . . " (emphasis added). Thus, if, on the basis of its receipt of any one or more of the papers

mentioned above, Rite Aid had the right to remove this case more than thirty days before

February 28, 2002, i.e., on or before January 29, 2002, then it failed to remove the case

within the thirty days allowed by section 1446(b) and the plaintiffs' motion for remand,

which has been timely filed within thirty days of the filing of the notice of removal, *see* 28

U.S.C. §1447(c), should be granted. *Borneman v. United States*, 213 F.3d 819, 824 (4th Cir.

2000).

Rite Aid contends that it timely removed the case because it filed its notice of removal

within thirty days of the order by the Circuit Court for Baltimore County dismissing "Rite

Aid Pharmacy No. 4465" as a defendant. In other words, Rite Aid contends that the "initial

pleading setting forth the claim for relief," i.e., plaintiffs' state court complaint, did not

disclose that the case was removable because plaintiffs purported to sue an entity which,

although it has a Maryland address, has no juridical existence under Maryland law, "a

property or store location." Rite Aid cites cases concerning so-called "fictitious parties" in

support of its contention. *See, e.g., Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 76 (9th Cir.

1979)(complaint alleged claims against "John Doe" defendants; case not removable until

"Doe" defendants dismissed). This case does not involve a "fictitious defendant" or the use

of pseudonyms, however, and I am not persuaded that the "fictitious defendant" cases are

applicable here. In this case, plaintiffs identified by name a purported defendant which they

knew (and which, importantly, Rite Aid knew) had no legal existence. Indeed, as Rite Aid

itself recognizes, *see* Def.'s Reply at 4, this case presents a clear example of the "fraudulent

joinder" doctrine, *see Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4ᵗʰ Cir. 1999), and if

Rite Aid had removed the case within thirty days of service upon it of the state court

complaint, this court would have ignored plaintiffs' purported joinder of "Rite Aid Pharmacy

No. 4465" on the basis of the "fraudulent joinder" doctrine. *Id.*

In *Lovern v. General Motors Corp.*, 121 F.3d 160 (4ᵗʰ Cir. 1997), the Fourth Circuit

cautioned district courts that counsel for a defendant must not be put between *Scylla* and

*Charybdis* (or on the horns of a Fed.R.Civ.P. 11 dilemma) in undertaking to determine in

good faith whether an ambiguous complaint does or does not permit removal. But I do not

believe this case was even close to problematic; any reasonable lawyer admitted to practice

in the state of Maryland knows that "a property or store location" such as a pharmacy lacks

capacity to sue or be sued. In any event, as Judge Harvey's scholarly opinion in *Link

Telecommunications, Inc. v. Sapperstein*, 119 F. Supp. 2d 536 (D. Md. 2000), makes clear,

*Lovern* is not to be read as granting a wholly risk-free choice to a defendant in its

determination of whether to remove a case to federal court; the ground for removal need not

appear beyond a reasonable doubt in a court order before the right to effect a removal may

be unmistakably apparent. To the contrary, as *Lovern* noted, and as the many cases cited in

*Sapperstein*, 119 F. Supp. 2d at 542, have found, the Fourth Circuit "will allow the [district]

court to rely on the face of the initial pleading *and on the documents exchanged in the case

by the parties to determine when the defendant had notice of the grounds for removal,

requiring that those grounds be apparent within the four corners of the initial pleading or*

*subsequent paper. Lovern*, 121 F.3d at 162 (emphasis added).

Applying the above principles here, I am persuaded that, at the latest, Rite Aid knew that this case was removable on or about the date it received plaintiffs' opposition to Rite Aid's motion to dismiss, *viz*, December 30, 2001. *See* Pls.' Response, Exh. C, at 4 ("Certificate of Service" showing that Pls.' Opposition to Rite Aid's Motion to Dismiss was served by first class mail on December 27, 2001). In their opposition memorandum filed in state court, plaintiffs offered no argument whatsoever in response to Rite Aid's contention that "Rite Aid Pharmacy No. 4465" lacked the capacity to be sued under Maryland law and should therefore be dismissed from the action. Thus, no later than its receipt of plaintiffs' opposition to the motion to dismiss, Rite Aid knew that its contention, that "Rite Aid Pharmacy No. 4465" was not properly joined, was not only legally correct but was *unopposed*, and that undoubtedly the state court would dismiss the claims against "Rite Aid Pharmacy No. 4465." *See Sapperstein*, 119 F. Supp. 2d at 542 ("The Fourth Circuit has determined that the 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." (internal quotations and citations omitted)); *see also id.* (citing *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 778-79 (9th Cir. 1994), as a case in which "plaintiff's reply brief" was held to provide effective notice to defendant that the case was removable). Accordingly, Rite Aid's notice of removal filed in this case on February 28, 2002, was filed more than thirty days after December 30, 2001, the date on which Rite Aid knew

indisputably that there was complete diversity of citizenship and thus the case was removable. Consequently, the plaintiffs' motion for remand shall be granted. An order follows.

Filed: March 19, 2002

_____
ANDRE M. DAVIS
United States District Judge